GEORGE W. POST AND WILLIAM FITZHUGH, *vs.* CHRISTIAN SHEPPARD.—*December* 1846.

It is not necessary for a collector of taxes to show, that he has paid off the whole county levy, before he can maintain an action on the bond of one of his deputy collectors for a part of such levy.

The bond of a deputy collector is not a mere bond of indemnity, given for the protection of the county collector.

Deputy collectors have nothing to do with the ultimate payment over of moneys levied for county or State purposes, nor with the disposition which their principals may make thereof.

The general design of our collection system is, that the taxes shall be collected within the time prescribed by law, and then paid over by the county collectors, they having first received them from their deputies.

A deputy of the collector of a county may be described in pleading, as the deputy collector of *W.* county, or as the deputy collector of *M,* collector of *W.* county. Such officers have the appellation of deputy collectors of a county in common parlance, and are generally known by it.

APPEAL from *Washington* county court.

This was an action of *debt,* brought on the 4th November 1842, on the bond of the appellants to the obligee, dated 11th June 1839.

The condition of the bond was such, "that if the above bound *G. W. P.,* deputy collector of the tax of *Washington* county, shall well and faithfully execute his office, and the several duties required of him by law, and shall well and truly account for, and pay to the said *C. S.,* the several sums of money, which he shall receive or may be answerable for by law as deputy collector, then the above obligation," &c.

The bond was approved by the collector, *C. S.,* on the day of its date.

The breach was assigned in the declaration, and after stating the levy made, its amount, and being placed in the hands of *C. S.,* collector for 1839, by the commissioners, &c., charged, that although the said *G. W. P.,* as deputy, did collect and receive a large sum, &c., being part of the aforesaid levies, and was answerable as such deputy for, &c., on the 1st November 1842, being sums collected from divers of the taxable inhabitants of said county, for the levies of the year 1839, yet, &c. Another breach was assigned in the words of the condition, that he did not well and faithfully execute his office of deputy and its duties, as required by law, by reason whereof, &c.

The defendant pleaded :

1st. General performance of the condition.

2nd. That the said *G. P. W.,* as deputy collector of tax, &c., did not receive the same, &c., and did well and truly account, &c., for all sums he was answerable for, and did well and truly execute his office, as required by law.

3rd. The said *G. W. P.* also pleaded, his final discharge under the insolvent laws.

The plaintiff, to the 1st plea, replied, that *G. W. P.* did not perform; to the 2nd, that the said *G. W. P.* did not account,

and pay the several sums he received or was answerable for, and did not well and truly execute his office, &c.

There was no replication to the 3rd plea, that being admitted by consent, and the judgment to be entered subject to it, as respects *G. W. P* only.

The jury found a verdict for the plaintiff on all the issues.

The defendants moved in arrest of judgment, for that the declaration is not sufficient in law to entitle the plaintiff to a judgment. The county court, (MARTIN, C. J., and MARSHALL, A. J.,) overruled the motion and entered judgment for the plaintiff.

The defendants appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY and SPENCE, J.

By TIDBALL for the appellants, and
By JERVIS SPENCER for the appellee.

DORSEY, J., delivered the opinion of this court.

This suit was instituted by *Christian Sheppard,* the collector of *Washington* county for the year 1839, against the appellants, on a deputy collector's bond, given to him by *Post,* his deputy collector, for that year, with *Fitzhugh* as his surety. The jury having rendered a verdict for the appellee, on the issues joined on the breaches assigned in the *nar,* a motion in arrest of judgment was made by the appellants; to the over-ruling of which by the court, and the entry of the judgment on the verdict, the present appeal was taken. And the reason mainly relied upon for the reversal of the judgment is, that being a suit on a bond, with a collateral condition, the breaches assigned shew no cause of action in the plaintiff, inasmuch as they do not allege that he has been damnified, by being compelled to pay the whole, or any part of the levy imposed on *Washington* county, and placed in his hands for collection in the year 1839. This objection would appeal to the court with imposing force, if the bond of a deputy collector were a mere bond of indemnity, given to protect the county collector against recoveries that might be had against him on his official bond; or if the bond of the deputy simply required him to pay over,

out of the moneys he should collect, such sums of money as the county collector shall first have been compelled to pay, to those on whose account the county levy was made. But such a construction of a deputy collector's bond, is utterly inconsistent with its object and design, and the purposes for which it is given. The effect of such a construction would be, in all cases where the appointment of deputies was requisite, to double the commission allowed to county collectors for making their collections, and to exclude from such appointments all who are not capitalists, or men of large fortune. Who else could accept such an appointment, if he must pay off the levy before he could call on his deputies for any portion of the taxes or assessments collected by them? Deputy collectors have nothing to do with the ultimate payment over of moneys levied for county or State purposes. Their duty is to make the collections, in the manner and within the time prescribed by law, and to pay over the amounts so collected to the collectors of their respective counties. What disposition the county collectors may make of the money thus received by them, is no concern of the deputies. The general design of our collection system is, that the taxes shall be collected within the time prescribed by law, and then paid over by the county collectors, they having first received them from their deputies. A reference to the act of 1797, chap. 43, will demonstrate the correctness of the views we have expressed on this subject.

It has been said, by the counsel of the appellants, that the bond is a nugatory act, and of no validity; its condition describing *George W. Post* as a deputy collector of *Washington* county, and there being no such officer as a deputy collector of *Washington* county, that he should have been described in the bond as the deputy collector of *Moses Sheppard,* collector of *Washington* county. There is nothing in this objection. Such officers have acquired that appellation in common parlance, and are much more generally known by it, than by the denomination of deputy collectors of *A B,* the county collector. And the duties of a deputy collector of a county, are quite as well understood by the community, and are matters of equal notoriety.

JUDGMENT AFFIRMED.